Per Cur.

This appears to us a very plain case. The words “goods or moveables” may include bonds, unless there is something in the context of the whole will to restrain or qualify the construction. But in the present case, the affixing of such a sense to the words, would evidently defeat the whole intention of the testatrix. It would be taking away all from the other legatees and give it to one only; it would prevent any residuum which the testatrix had in contemplation; besides, from the face of the will, it appears that she originally designed to the plaintiff her wearing apparel only. She afterwards added the other words, which, if the whole will is to be taken together, and every clause thereof is to take effect, must necessarily be supposed to extend to moveables only, in the common and usual acceptation of the term. Eet there be a verdict for the defendant, but if the plaintiff’s counsel are dissatisfied they may move for a new trial.
Verdict pro def.
(Vid. Will. Jones 225. Barnard. Cha. Rep. 259, that under a devise of “goods,” bonds or money will not pass.)