## M. A. JAHIER *v.* H. E. RASCOE, ADMINISTRATOR, ET AL.

1. ESTATE OF DECEDENT. *Domicile in foreign State. Choses in action here. Law of distribution.*

   Where choses in action are held by an agent in this State for the owner domiciled in a foreign State, in such circumstances as to indicate that the same were taken in the course of a business of lending money in this State, they will be treated, upon the death of the owner at his domicile, as "personal property situated in this State" and subject to our statute of distributions, as provided in § 1270 of the Code of 1880. *Speed* v. *Kelly*, 59 Miss. 47, distinguished.

2. SAME. *Death in foreign State. Distribution of choses in action held here. Case in judgment.*

   C., formerly of this State, resided with her husband, who was domiciled in Italy from the time of her marriage, in 1877, to the date of her death, in 1882. During that period R., a resident of this State, as her agent, lent and collected and re-lent in this State all of her money, taking promissory notes for loans made. He collected interest on the notes, paid taxes on them out of such interest, and remitted the balance thereof to C. The notes were retained by R., and no part of the principal of her money was ever sent to or called for by C. She died in Italy intestate, and R. took out letters of administration in this State upon her estate here, consisting of the notes held by him for her. The question presented is whether the estate is to be distributed as "personal property situated in this State," under § 1270 of the Code of 1880, or in pursuance of the law of Italy. *Held*, that our statute of distributions governs in this case.

APPEAL from the Chancery Court of Lafayette County.

HON. B. T. KIMBROUGH, Chancellor.

In 1877 Clara Z. Conkey, whose home was in this State, while sojourning in Italy was married to M. A. Jahier, and remained with him in that country up to the time of her death, on the 4th of February, 1882.

At the time of her marriage, Miss Conkey was possessed of several thousand dollars, which was being managed for her by her brother-in-law, H. E. Rascoe, of Lafayette County, in this State. After her marriage her money was left with Rascoe, who continued during all of her married life, as before, to lend out the same for her and collect the interest thereon. Notes taken for loans of her money were made payable to "Clara Z. Jahier or her agent." These notes were kept by Rascoe, none of them ever having been sent to Mrs. Jahier. Rascoe paid the yearly taxes on such notes out of the interest collected, and from time to time remitted the balance of the interest to Mrs. Jahier. No part of the principal was ever sent to her, but when one loan expired a new one was made; nor did Mrs. Jahier or her husband during her lifetime express a desire to collect any part of such principal or to employ it in any other manner than as it was managed by Rascoe.

Mrs. Jahier died intestate, and some time after her death Rascoe took out letters of administration upon her estate in Lafayette County, in this State, for the purpose of collection and distribution —there being no debts against the decedent. Five hundred dollars in money and the notes for money lent as above stated constituted the estate of the decedent, except a small tract of land lying in Leflore County, of this State. She left no children, but her husband, M. A. Jahier, two sisters, and some children of a deceased sister survived her.

Rascoe presented the final account of his administration on the 6th of August, 1883, and at the October term of the court the then Chancellor, Hon. A. B. Fly, rendered a decree approving the final account and directing the administrator to distribute the money in his hands belonging to the estate in pursuance of the law of Italy applicable to the distribution of such estates, that is, one-

third to the husband and the residue to the sisters, and descendants of the deceased sister, of decedent.

On the 17th of March, 1884, M. A. Jahier filed a petition seeking to have the decree for distribution set aside or treated as a nullity, and a new decree rendered requiring the administrator to pay the petitioner the entire amount of money in his hands, according to the law of this State. The petition was heard upon proof showing substantially the above-recited facts, and the present Chancellor affirmed the decree of his predecessor and dismissed the petition. Thereupon Jahier appealed to this court.

The question presented in this case involves the application and construction of § 1270 of the Code of 1880, which is in the following language : " All personal property situated in this State shall descend and be distributed according to the laws of this State regulating the descent and distribution of such property, regardless of all marital rights which may have accrued in other States, and notwithstanding the domicile of the deceased may have been in another State, and whether the heirs or persons entitled to distribution be in this State or not ; and the widow of such deceased person shall take her share in the personal estate, according to the laws of this State."

*Edward Mayes,* for the appellant.

Supposing that Mrs. Jahier was domiciled in Italy when she died, yet shall the Mississippi law control the distribution of her estate.

The case of *Speed* v. *Kelly,* 59 Miss. 47, does not control this case. The court there carefully limit the scope of their decision. They say : " Without deciding what would be the result if both the evidence of the debt and the debtor were within the State at the death of the intestate, or whether there may not be cases in which, though the evidence of the debt may be in the hands of the intestate at the time of his death at his domicile in another State, the statute might be held to include the debt as situated in this State, we are of the opinion that, *under the circumstances shown by the record in this cause,* the choses in action described in the proceedings cannot be considered as personal property situated in this State."

The case at bar presents one of the questions thus reserved, and

presents it in a very strong aspect. The evidences of debt were all in Mississippi, in the hands of a general agent who was domiciled in Mississippi, and who for years had carried on for the decedent a business of loaning money at interest, none of the evidences ever having been out of the State or ever expected to be out of the State, and all being on their face payable to " Mrs. Clara Z. Jahier or her agent " (meaning Mr. Rascoe), and taxes being regularly paid on them here ; no administration was had in Italy, and the Mississippi administrator has all the funds in his hands; and one side of the parties to the litigation are citizens and residents of this State. Moreover, the record in this case shows that Mrs. Jahier owed no debts, that this administration was taken out *solely for purposes of distribution, and the petition for letters and the order granting the same both show that the estate was situated in Mississippi.*

The rule that the *situs* of a chose in action is the domicile of the creditor is subject to very material modifications and exceptions, depending sometimes on the nature of the chose in action itself and sometimes on the nature of the case in which that rule is invoked.

A. Where choses in action are held by an agent for a principal domiciled in a different State, they are subject to taxation where held by the agent. *People* v. *Trustees of Ogdenburg,* 48 N. Y. 380 ; *Wilcox* v. *Ellis,* 14 Kan. 588 ; *Caltin* v. *Hall,* 21 Vt. 152; *St. Louis Co.* v. *Taylor's Adm'r,* 47 Mo. 894 ; Burroughs on Taxation 59, 60 ; §§ 1682 and 1716, Code 1871.

B. Under the Code of 1871 evidences of debt were the subjects of larceny in this State. Section 2654.

C. Choses in action were in this State liable to seizure and sale by execution or attachment under the Code of 1871. Sections 849, 1434, 1435, 1471.

*H. A. Barr,* for the appellees.

The estate was distributed in accordance with the law of Italy, an agreed copy of which is in the record, upon the construction given to § 1270 of Code of 1880 by this court in *Speed* v. *Kelly,* 59 Miss. 47.

This construction of § 1270 has been acquiesced in by the law-making department of the State. There have been two sessions of

the legislature since this decision was made and no change has been made.

The principle of the decision in *Speed* v̇. *Kelly* is that choses in action have no *situs* or locality, but follow the owner, and that where the owner is a non-resident they cannot be considered "*personal property situated in this State.*"

Judge Story says that debts are universally treated as having no *situs* or locality and follow the person of the owner, and that this doctrine is so firmly established that it would be a waste of time to go over the authorities.   Story's Con. of Laws, § 362.

The Supreme Court of the United States says : " Debts can have no locality separate from the parties to whom they are due.   This principle might be stated in many different ways and supported by citations from numerous adjudications, but no number of authorities and no form of expression could add anything to its obvious truth, which is recognized upon its simple statement."   *R. R. Co.* v. *Pa.*, 15 Wallace 320.   And again : "A non-resident creditor cannot be said to be, in virtue of a debt due to him, a holder of property within the city."   *Muncy* v. *Charleston*, 96 U. S. (6 Otto) 440.

In *Speed* v. *Kelly* the court pretermits any opinion in case the evidence of the debt and the debtor are in this State at the death of the intestate.

Upon principle it can make no difference where the evidence of debt is.   The debt is one thing—the evidence of it is another thing. The debt is that which one person owes to another.   In the nature of things it can have no locality, because it is incorporeal, intangible, a mere legal duty existing only in contemplation of law.


COOPER, C. J., delivered the opinion of the court.

In the case of *Speed* v. *Kelly*, 59 Miss. 47, we held that a debt due by a resident of this State to one domiciled in Louisiana, and having in his possession in that State the evidence of the debt, was not, in the absence of any other evidence, personal property situated in this State within the meaning of our statute of distribution.   The reason given was that choses in action, having no *situs*, adhered to

the person of the owner, and were situated at the domicile of the owner. We, however, carefully excluded the inference that this rule would be applied under all circumstances and regardless of the conduct or dealings of the owner with reference to it. The extent of that decision was that the statute should not be construed as *per se* localizing here all debts which might be due by residents of this State to one domiciled abroad at the time of his death. But where the owner himself so deals with his estate as to incorporate it with the mass of property of the estate, then, though in the transmutations which it undergoes it is sometimes converted into choses in action and sometimes into tangible personalty or realty, it continues at all times "situated in this State" within the meaning of our statute. It would be an unwarrantable construction to hold that the debts due by residents of Mississippi to merchants conducting business in the States of Louisiana and Tennessee, contracted in the course of dealings with such merchants, were situated in this State within the meaning of the statute, while, on the other hand, it is manifest that capital invested in a business conducted in this State, though the business be owned by one domiciled in a foreign country, is situated here, as well when in the course of business it takes the shape of choses in action as when it exists in the form of merchandise or other tangible property. Our view is, that whether personal property is situated in this State or not is to be determined by reference to the intent of the owner, which intent is to be discovered by all the surrounding circumstances ; that the statute does not, in other cases than those in which the owner has so dealt with the property as to locate it here, abrogate the rule that choses in action have their *situs* at the domicile of the owner ; but that wherever it appears that the debt arose as an incident to a business conducted in this State, whether that business be that of lending money, buying and selling property, or in any other manner, it is situated in this State and is governed by our laws. From this it follows that the estate in controversy in this suit was distributable under our statutes, and passes to the husband of the intestate regardless of her domicile.

*Decree reversed.*