STATE OF MISSISSIPPI *v.* BOLTON SMITH ET AL.

1. TAXATION.  *Money loaned.   Code* 1880, § 497.

 Section 497, code 1880, which provides for the assessment and taxation of
 money loaned or employed in this state, applies only where the person
 owning the same, and sought to be taxed therefor, resides or has a place
 of business or a location or agent within the state.

2. SAME.  *Money loaned by non-resident; when not taxable.*

 A loan to a person in the state by a non-resident, who has no place of busi-
 ness, location or agent in this state, but accomplishes the loan elsewhere,
 is not taxable here, notwithstanding negotiations for the loan were made
 by persons in this state, and it is secured by a mortgage on property
 within this state.

FROM the circuit court of Madison county.

HON. J. B. CHRISMAN, Judge.

Section 497, code 1880, provides as follows: "Every person,
resident or non-resident, whether corporate or otherwise, and the
agent of such non-resident, having money loaned at interest in this
state, or employed in the purchase or discount of bonds, notes, bills,
checks, or other securities for money, or employed in any kind of
trade or business, shall be taxable for the same in the county where
such person may reside, or have a place of business, or be tempo-
rarily located at the time of the assessment," etc.

The board of supervisors of Madison county, at its August term,
1889, held for the examination and approval of the assessment rolls,
ordered the personal assessment roll to be corrected by the addition
of certain loans made by the appellees to persons resident in that
county and secured by mortgages on land situated in the county.
The tax assessor had not placed these loans upon the roll, and the
action of the board of supervisors was without notice to the persons
whose loans were thus assessed.   At the December meeting of said
board, the appellees, The American Freehold Mortgage Co., Lim-
ited, The Dundee Mortgage and Trust Investment Co., Limited,
The United States Mortgage Co. of Scotland, Limited, The Scottish
American Mortgage Co., Limited, and Bolton Smith united in a
petition praying the board to strike from the assessment rolls cer-

tain loans, which, in the manner above stated, had been assessed to them.

The petitioners allege that they are non-residents of the state of Mississippi; that they have no place of business in said county, and that they did not, at the time the assessment referred to was made, have any location, temporary or otherwise, in said county, and that they did not have any agent in this state. Wherefore petitioners claim that the action of the board in causing said loans to be listed for taxation is illegal.

The statement of facts contained in the petition was not contradicted, but the board of supervisors, being of the opinion that the said loans were liable to taxation, refused the application, and petitioners prosecuted an appeal to the circuit court.

Testimony was taken in that court, and the loans in question were shown to have been made in accordance with the following course of business: Appellees, except Bolton Smith, are foreign corporations whose business is the loaning of money, and they have each loaned large sums, secured by mortgages on real estate in Madison county. The loans for the most part were procured by citizens of that county through an attorney resident there, and by him through Francis Smith, Caldwell & Co., who are located at Memphis, Tenn. The latter are brokers, whose main business is to procure for borrowers loans of money upon real estate in this state and elsewhere. Their principal place of business is in Memphis, Tenn. They are the established agents of appellees for loaning money in the state of Mississippi and neighboring states, and it is admitted that the power of attorney evidencing such agency is recorded in Madison county. In furtherance of this business, printed notices and advertisements are circulated by them, and blank applications and forms are furnished by them for the use of persons desiring to borrow. The application required by the borrower recites that Francis Smith, Caldwell & Co. are constituted the borrower's agents for procuring a loan on the terms therein stated. Upon receipt of the application they send an inspector to appraise the land offered as security, and if satisfied as to this, they notify the borrower that the loan will

be made, if the title is approved.  The borrower is then required to furnish at his own expense a complete abstract of title of the lands, to be made by an attorney of good standing, and the fee of the attorney, as well as the entire expense of the abstract, is paid by the borrower.  If the abstract thus furnished shows a good title, notes and a mortgage in favor of some one of the appellees are prepared by said firm and sent to the borrower to be executed, and when returned duly executed, the money is sent by them to the borrower.

Neither Francis Smith, Caldwell & Co. nor any of the appellees have an agent or place of business in this state.  Negotiations with Francis Smith, Caldwell & Co. for loans are generally conducted through an attorney in the county where the loan is made, and to facilitate business the attorney is supplied with all needed blanks and printed forms by said firm.  These blanks recite that such attorney is the attorney of the borrower and not of said firm or of the lenders of the money.

All the loans in controversy were made upon abstracts prepared by W. H. Powell, an attorney in Madison county, and his testimony, which appears in the record, is to the effect that he acted in every case as attorney of the borrower, who paid him his fee for procuring the loan and making the abstract.  He usually procured loans through Francis Smith, Caldwell & Co., but sometimes obtained them from other sources.  In this way he had for seven or eight years dealt with Francis Smith, Caldwell & Co., who had confidence in his skill as an abstractor of titles, and made loans or negotiated them in reliance upon the abstracts prepared by him. He also advertised money to loan on real estate security, and it was shown that persons in that county desiring to borrow from Francis Smith, Caldwell & Co. usually applied to him, and were supplied by him with all necessary blanks, and he acted for such borrowers in procuring their loans; but abstracts prepared by other attorneys in that county had in some instances been accepted by Francis Smith, Caldwell & Co., and loans made in reliance upon them.

The case was submitted to the circuit judge, the jury having been waived by consent of all parties.  The court being of the

68 MISS.—6

opinion that the loans were not taxable, judgment was rendered for petitioners, and the assessments were ordered to be stricken from the assessment rolls. From this judgment the state has appealed.

*R. N. Miller,* for appellant.

However much the appellees have undertaken to evade the statute, W. H. Powell is certainly their agent in Madison county. The relation of principal and agent does not depend on what the parties call each other, but on their dealings with each other. Mr. Powell advertised as their agent, solicited loans for them, and they relied on his judgment and integrity, and gave him a monopoly of their business. The pretense of the borrower paying his commissions makes no substantial change in the relation between appellees and Powell. This being true, the authorities cited for appellees do not apply. The *situs* of these debts is where the domicile of the creditor or of his agent is.

*W. H. Powell,* for appellees.

The notes given appellees by the borrowers are choses in action and follow the domicile of the owners, who reside out of this county and state and have no place of business or agent here. *Horne* v. *Green,* 52 Miss. 454.

It cannot be contended that W. H. Powell was the agent of appellees, and that this brought these loans under the operation of § 497, code 1880. The evidence shows that he was not such an agent.

Mere frequency of transactions between independent parties does not create the relation of principal and agent. *Pass* v. *N. E. Mortgage Security Co.,* 66 Miss. 365.

But granting that Powell was the agent of appellees, the taxation of the notes of these non-resident owners is repugnant to the constitution of the United States. *Cleveland, etc., R. R. Co.* v. *Pennsylvania,* 15 Wall. 300.

CAMPBELL, J., delivered the opinion of the court.

Section 497 of the code of 1880 (§ 1682 of the code of 1871; art. 23, p. 76, of the code of 1857) applies to money loaned or

employed in this state, where the person resides or has a place of business or a location or an agent in this state.  There can be no doubt that, where an agency is created in this state for the loaning of money, and the business of loaning is carried on here—this state being the locality in which the transaction is begun and completed—and the debt acquires a *situs* here from the course of dealing between lender and borrower through the agency established here, it is taxable; but where the non-resident lender has no place of business or location or agent in this state, and accomplishes the loan beyond the limits of the state, the fact that negotiations for the loan were made by persons in this state, and it was secured by mortgage on property in this state does not subject it to taxation here.  Money sent here from abroad to be loaned is undoubtedly subject to taxation.  The distinction is commented on in *Jahier* v. *Rascoe*, 62 Miss. 699, where it was said, "that whether personal property is situated in this state or not is to be determined by reference to the intent of the owner, which intent is to be discovered by all the surrounding circumstances . . . . that wherever it appears that the debt arose as an incident to a business conducted in this state, whether that business be that of lending money, buying and selling property, or in any other manner, it is situated in this state, etc."  In the case before us the creditor resides beyond the limits of this state, has no agent in this state, and no place of business here.  The money was not sent here to be loaned.  The evidence of debt was not here.  The business of lending was not conducted in this state.  The debt was secured by a mortgage on property in this state, and the loan was obtained by the application of persons in this state transmitted to persons beyond its limits, who forwarded the money from without the state.  It was not embraced by § 497 of the code.

*Affirmed.*