SINGER MFG. CO. v. ADAMS, State Revenue Agent, et al.

(Circuit Court of Appeals, Fifth Circuit. January 12, 1909.)

No. 1,763.

1. COURTS (§ 366*)—FEDERAL COURTS—RULES OF DECISION.

The construction of the Mississippi tax laws, given by the Supreme Court of that state, is binding on the federal courts in determining questions arising thereunder.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 961; Dec. Dig. § 366.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. TAXATION (§ 164*) — FOREIGN CORPORATIONS — "DOING BUSINESS WITHIN STATE."

Where a nonresident corporation had one or more local agencies in Mississippi in control of salesmen, selling sewing machines throughout a limited number of counties and reporting to such local agency, which in turn reported to a district agency in another state, the corporation during such period was doing business within the state and taxable on credits, as provided by Rev. Code Miss. 1880, § 497, but not so during a period when it had neither office, store, nor managing salesman in the state, and did business only through traveling salesmen, who transmitted all cash collected and contracts arising from the disposition of machines to agencies outside the state.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 286; Dec. Dig. § 164.*

For other definitions, see Words and Phrases, vol. 3, pp. 2155–2160; vol. 8, pp. 7640, 7641.

Taxation of foreign corporations, see note to McCanna & Fraser Co. v. Citizens' Trust & Surety Co. of Philadelphia, 24 C. C. A. 13.]

3. TAXATION (§ 498*)—ILLEGAL ASSESSMENT—INJUNCTION.

Where, in a suit to recover back taxes against a nonresident corporation, it appeared that defendant owed no taxes, back or otherwise, at the places where taxes were sought to be levied, and to allow the assessments.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would either compel defendant to pay illegal taxes or drive it to a multiplicity of suits, an injunction restraining such assessments would be allowed.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 913–919; Dec. Dig. § 498.*]

Appeal from the Circuit Court of the United States for the Southern District of Mississippi.

C. H. Alexander, for appellant.
J. B. Harris, for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PARDEE, Circuit Judge. The law governing assessments of property in the state of Mississippi (section 497, Rev. Code Miss. 1880) is as follows:

Sec. 497, Code 1880: "Every person, resident or nonresident, whether corporate or otherwise, and the agent of such nonresident, having money loaned at interest in this state, or employed in the purchase or discount of bonds, notes, bills, checks, or other securities for money, or employed in any kind of trade or business, shall be taxable for the same in the county where such person may reside, or have a place of business, or be temporarily located at the time of the assessment; and if any such person shall fail or refuse to give in such money on oath, or if the assessor shall have cause to believe that such person has not rendered a true account of all such money, he shall assess to such person such an amount as he shall have reason to believe correct according to the best information he can procure; and he shall forward to the party, or his agent, in writing, a notification of such assessment having been made; and the assessor is authorized to address written interrogatories, to any agent of any nonresident, or to any person for the purpose of obtaining such information, and to require written answers thereto on oath which oath the assessor is authorized to administer; and if any person being so interrogated, shall refuse to answer such interrogatories, on oath, within a reasonable time, he shall be liable to pay the sum of five hundred dollars, to be recovered by action, in the name of the board of supervisors of the county, for the use of the county; and it shall be the duty of the assessor to cause such suit to be brought."

This statute was construed in the Supreme Court of the state of Mississippi in State v. Bolton Smith et al., 68 Miss. 79, 8 South. 294, which was a case in which it was sought to tax the loans made in the state of Mississippi by a foreign building and loan association, which loans were made on security of real estate in Mississippi. In that case the Supreme Court said:

"Section 497 of the Code of 1880 applies to money loaned or employed in this state, where the person resides or has a place of business or a location or an agent in this state. * * * Money sent here from abroad to be loaned is undoubtedly subject to taxation. The distinction is commented on in Jahier v. Rascoe, 62 Miss. 699, where it is said 'that whether personal property is situated in this state or not is to be determined by reference to the intent of the owner, which intent is to be discovered by all the surrounding circumstances; * * * that wherever it appears that the debt arose as an incident to a business conducted in this state, whether that business be that of lending money, buying or selling property, or in any other manner, it is situated in this state.'"

Reference to the case of Jahier v. Rascoe, supra, will show that that was a case which dealt with the situs of notes and evidences of debt

_____
*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

as determining the question of descent and distribution. The construction of the tax laws of Mississippi, as given by the Supreme Court of the state, is binding on this court.

During all the period in question the Singer Manufacturing Company was a nonresident corporation to a certain extent doing business in the state of Mississippi; that is, it had traveling agents going through the state making sales of sewing machines for cash and on time, the latter being conditional sales, in which for security for the price the Singer Manufacturing Company retained the ownership until full payment. By the agreed statement of facts in this case it seems that from 1886 to April, 1895, the Singer Manufacturing Company had a local agency at Vicksburg, Warren county, more or less in control of salesmen working through a limited number of counties in the state, with a depot at Vicksburg, in which were kept a stock of sewing machines and supplies used to fill orders taken by the different salesmen reporting to such local agency. The local agency reported weekly to a central agency at New Orleans, forwarding all moneys collected and all contracts for sales on time or for leases to be kept until paid. It seems to be pretty clear that, if the Singer Manufacturing Company had been a resident corporation, it could be well said of it that it was carrying on a business in the state of Mississippi at Vicksburg, and that its property and money invested were there employed in its trade and business, and were taxable at Vicksburg.

During the same period through other counties of the state the Singer Manufacturing Company had traveling salesmen selling and disposing of sewing machines for cash and on time; but this business was not managed by any agency in the state, but all the accounts and proceeds, moneys, contracts, and leases were weekly reported to agencies outside and were weekly transported out of the state. As to this part of the business, therefore, it seems that the Singer Manufacturing Company was in no taxable sense doing business in the state of Mississippi.

From April 1, 1895, until 1901, it is agreed that the Singer Manufacturing Company had no office, store, or managing salesman in the state of Mississippi, but did have traveling salesmen in the several counties of the state, and that all cash collected and all contracts arising from the disposition of machines were remitted and forwarded to agencies outside of the state. Under the construction given by the Supreme Court to the taxing act, it seems reasonably clear that during this period the Singer Manufacturing Company was not carrying on and doing any business in the state of Mississippi that was taxable in that state.

From January, 1901, to the bringing of this suit, the Singer Manufacturing Company had located and maintained agencies in charge of its business covering the state (except Pike, Wilkinson, and Amite counties), and to which all traveling men reported, at seven different points in Mississippi, to wit, Jackson, Natchez, Columbus, Hattiesburg, Vicksburg, Meridian, and Greenville; and the business was conducted at, and reports and remittances made to, said places, and at each of these places a stock of sewing machines was kept constantly

on hand, from which sales made by traveling salesmen were filled. ˙ At these offices a full record was kept, and weekly returns were made to the Singer Manufacturing Company at New Orleans, and in all cases balances of money and contracts and leases were transmitted with the returns to New Orleans. Under this state of facts, it seems ·that the Singer Manufacturing Company was doing business in the state of Mississippi during the period mentioned at the seven points above named, within the meaning of section 497, Rev. Code Miss. 1880, as construed by the Supreme Court in State v. Bolton Smith, supra.

In the agreed statement of facts the following appears:

"It is agreed that the plaintiff was assessed for taxation in the counties shown in the attached list, and that the assessments covered the unsold machines on hand in the state, county, and town on the 1st of February of the year of the assessment, but did not include any notes or collectible debts for machines disposed of in the state except as shown on the statement."

We do not find this statement referred to in the record, but take it that the agreement means that from 1886 to April, 1895, the Singer Manufacturing Company was assessed for taxes at Vicksburg on all its unsold machines and other property, exclusive of notes or collectible debts for machines disposed of in the state, and that from January, 1901, up to the bringing of this suit, the Singer Manufacturing Company was assessed for taxes at Jackson, Natchez, Columbus, Hattiesburg, Vicksburg, Meridian, and Greenville on all its unsold machines on hand and other property, exclusive of notes or collectible debts for machines disposed of in the state.

Assuming that, during the time the Singer Manufacturing Company had a place or places of business in the state of Mississippi, it was liable for taxes on its moneys invested in its business in the state as well as upon its actual, visible property, and also that it may be assessed under the laws of Mississippi for back taxes not returned during the periods in question, we hold that the assessments sought to be made against the company at Vicksburg for the period from 1886 to 1895, and against the company at Jackson, Natchez, Hattiesburg, Vicksburg, Meridian, and Greenville from 1901 up to the bringing of this suit, on ʳproperty not heretofore taxed, are so far regular and proper that they ought not to be enjoined, but that all other back assessments against the company complained of and at other places are irregular and improper, and ought to be enjoined, on the· ground that the Singer Manufacturing Company owes no taxes, back or otherwise, at such places, and to allow the assessments contemplated would either compel the company to pay illegal taxes or drive it to a multiplicity of suits, and would otherwise inequitably annoy and harass the company.

. The decree of the Circuit Court is annulled and reversed, and this causeˑ is remanded, with instructions to enter a decree in accordance with the views herein expressed.