## NEBLETT ET AL. *v.* NEBLETT ET AL.

[73 South. 575, Division B.]

DESCENT AND DISTRIBUTION. *Law governing. Personalty. Statute.*

Under Rev. Code 1871, section 1950 (Code 1906, section 1648), declaring that personal property within the state shall descend and be distributed according to the laws of this state notwithstanding the domicile of the deceased may have been in another state, the descent of a leasehold interest in school land situated in this state is controlled by the laws of this state notwithstanding the domicile of deceased may have been in another state and under Code 1906, section 5081, which avoids the lapse of legacies on the death of the legatee during the lifetime of the testator only when the legatee left a child surviving, a legacy of such leasehold interest will lapse on the death of the legatee without children, though it would not lapse under the statute of the state where the testatrix was domiciled.

APPEAL from the chancery court of Bolivar county. HON. JOE MAY, Chancellor.

Suit by S. S. Neblett and others against N. F. Neblett and others for partition. From a decree denying plaintiff rights to part of the property, he appeals.

The facts are fully stated in the opinion of the court.

*Sillers, Owen & Sillers* and *Green & Green,* for appellant.

The several questions involved in the assignment of error may be treated together. To uphold the decree, the court must hold that a leasehold estate for ninety-nine years in land, a part of a plantation, is to be controlled, in descent, by a foreign statute, contrary to our statute and the public policy of the state of Mississippi.

It is settled, except when changed by statute that: "The general rule is that a legacy or devise will lapse where the legatee or devisee dies before the testator, and passes to the heirs at law of the testator."

18 Am. & Eng. L. (2 Ed.), p. 748, citing a large num-
ber of cases, among them *Cady* v. *Cady*, 67 Miss.
425; see, also 1 Jarman on Wills (6th Ed.), 423, et
seq. and 451.

The statute of Mississippi, sec. 5081, Code 1906,
provides: Whenever any estate of any kind shall
or may be devised or bequeathed by the last will
and testament of any testator or testatrix to any
person being a child or descendant of such testator
or testatrix, and such devisee or legatee shall, during
the lifetime of such testator or testatrix, die testate
or intestate, leaving a child or children, or one or
more descendants of a child or children, who shall
survive such testator or testatrix, such devise or
legacy to such person so situated as above mentioned,
and dying in the lifetime of the testator or testatrix,
shall not lapse, but the estate so devised or be-
queathed shall vest in such child or children, descend-
ant or descendants, of such devisee or legatee, in the
same manner as if a legatee or devisee had survived
the testator or testatrix, and had died unmarried
and intestate."

It is to be noted that the Mississippi statute avoids
a lapse only when the devisee or legatee is "a child
or descendant of the testator," while the Virginia
statute *infra*, avoids a lapse in all cases.

The Mississippi statute would not avoid the lapse
in the case at bar, for the devisee or legatee was the
brother of testatrix and not, as required by the Mis-
sissippi statute, "A child or descendant of the tes-
tator." This construction as to the land owned in
fee was adopted by the court, and is not appealed
from.

In Virginia, section 2522, Code of 1906, provides:
"If a devisee or legatee die before the testator
leaving issue, who survive the testator, such issue
shall take the estate devised or bequeathed as the
devisee or legatee would have done if he had survived

the testator, unless a different disposition thereof be made or required by the will.''

This statute changes the rule of the common law and substitutes a statutory limitation. *Wood* v. *Sampson,* 25 Gratt. ——; *Wildberger* v. *Cheek,* 94 Va. 520. · The question arises then: Is this leasehold governed by the laws of Virginia or by the laws of Mississippi? Treated as personal property it descended to the heir of the testator. *Parteé* v. *Kortrecht,* 54 Miss. 69; *Carroll* v. *McPike,* 53 Miss. 569; *Jahier* v. *Rascoe,* 62 Miss. 704; *Speed* v. *Kelly,* 59 Miss. 47.

Under the laws of Mississippi, this leasehold estate, if treated as personalty, descended to the heirs at law of the testator when Norman M. Neblett, the legatee, died before the testatrix.

This sixteenth section was a part of the Green Island Plantation, was cultivated and used as a part in the business of the testatrix in the state of Mississippi, and had its *situs* here as much as the fee simple title to the lands.

Conflict of laws. Right to each state to regulate the transfer of property within its jurisdiction. *Wells* v. *Wells,* 35 -Miss., 639; *Cruso* v. *Butler,* 36 Miss. 150.

Change of statute as to descent of estate for years in land. *Dillingham* v. *Jenkins,* 7 Smed. & M. 479, 487; *Faler* v. *McRae,* 56 Miss. 227.

Descent as land. Under section 1584, Code 1906, *supra* "an estate for years" in land would not be "personal property" under sec. 1591, Code 1906, and when by the provisions of that code the descent of "land" is provided for, and "land" is defined to be "an estate for years" in land, it would follow; that when "descent of land" was provided for by sec. 1649, Code 1906, it governed this "estate for years" in land and vested it in the heirs at law of the testatrix.

It is immaterial that our court in *Moss Point Lumber Co.* v. *Harrison County,* 89 Miss. 448, interpreted the instruments executed under the Act of 1833 as "leases," for, even if leases for years, under the definition in the Code of 1906 as to what shall constitute land, these leases would be "an estate for years in land" and would be embraced as "land" and would descend as "land."

Leases of sixteen sections in this state occupy a unique position, and are not to be measured by the rules of ordinary leases as to *situs;* for they are created under the statutes of the state of Mississippi, but *quasi-*public schools, are peculiarly of local statutory character and administration; and while in *Moss Point Lumber Co.* v. *Harrison County,* 89 Miss., *supra,* a majority of the courts held that these leases, under the Act of 1833, did not convey a defeasible fee (as held by the majority of the court constituted by Judge CALHOON and TRULY, in the first opinion) and they were held by a majority of the court as reconstructed, to be leases for years, overruling the first opinion, still, it is manifest from the history of the decisions and legislation, that the "lessee," under the Act of 1833, acquires a greater estate than would be acquired under an ordinary lease.

The court has held that the lessee has the right to cut and remove the timber—a part of the land—and sell it for his own benefit, when he devotes the land to agricultural purposes. *Gans* v. *Warren County,* 80 Miss. 86; *Fernwood Lumber Co.* v. *Rowley,* 71 So. 3; *Dantzler Lumber Co.* v. *State,* 97 Miss. 335.

If the lessee is vested with such an interest in the land as that the lessor can only sell the timber which is a part of the land to the lessee, and to no one else, it is manifest that the lessee acquires more than a common-law leasehold estate for years in the land. However, this may be, it is not essential to the propositions for which we contend, for, as stated, under

the statutes of Mississippi, if this leasehold is "personal property," it descends to the heirs at law of the testatrix; for it is "situated in the state." As to *situs*, there is no difference in the situation of the land held by fee simple title in Green Island Planta- tion and that held by lease as a sixteenth section. Each is a part of this Plantation and subject to all of the incidents of the business of farming carried on therewith.

If land, under the statutes of Mississippi, it, also, descends to the heirs at law of the testatrix.

*Campbell & Cashin,* attorneys for appellees.

The pivotal question by the record in this case is, substantially, this: Is the bequest made in the last will and testament of Ann S. Neblett to her brother, Norman M. Neblett, in so far as her leasehold interest in section 16, composing a part of "Green Island Plantation," is concerned, governed by the laws of Virginia, the state of the testatrix' domicile, or by the laws of Mississippi, the state in which said plantation is situated, in determining whether or not said bequest lapsed in consequence of the death of Norman M. Neblett prior to the death of the testatrix?

If the laws of the state of Virginia govern, as to that, the bequest as to said leasehold interest did not lapse in consequence of the death of Norman M. Neblett prior to the death of the testatrix, but the same passed to appellees as his children and issue, who survived the testatrix, and the decree of the court below should be affirmed.

Section 2523 of the Virginia Code, in force at the time said will was made, reads as follows: "If a devisee or legatee die before the testator, leaving issue who survive the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done, if he had survived the testator, unless a different disposition therefore be made or required by the will."

See also *Wood* v. *Thompson,* 25 Grat. (66 Va.) 245; *Wilderberger* v. *Cheek,* 94 Va. 517. The question then is, does the law of that state govern this matter? It is the general rule that personal property, having no *situs* but that of the owner, is subject to and governed by the law of the owner's domicile. American and English Ency. of Law, Vol. 22, pages 1322, 1355 and 1362; *Sturdivant* v. *Neill,* 27 Miss. 157; and the law of the testator's domicile, at the time of his death, is the proper law for determining whether a bequest of personal or movable property lapses by the death of the legatee in the testator's lifetime.

American and English Ency. of Law, Vol. 22, page 1374, a leasehold estate, or an estate for years, in land, is personal property, and a lease for ninety-nine years is of no greater dignity than a lease for one year. *Dillingham* v. *Jenkins,* 7 S. and M. 479; *Faler* v. *McRae,* 56 Miss. 227; *Lumber Co.* v. *Harrison Co.,* 89 Miss. 448; 32 Cyc. pages 663 and 668; 22 American and English Ency. of Law, page 1360; *Despard* v. *Churchill,* 53 N. Y. 192.

It remains for us to consider, whether or not the rule announced by the above cited authorities has been changed by the statutes of Mississippi, for we recognize the competency of this state to give to personal property the character of real estate, if desired, and such desire be clearly expressed; but we respectfully submit that nowhere in the statute laws of Mississippi is it declared or stated that a leasehold interest in land is real estate or land.

Section 1584 of the Code of 1906 provides that: "The term 'land,' when used in any statute, shall include all corporeal hereditaments, whatever, and any interest therein, whether an estate for years or a different estate." That section does not define "an estate for years" or state that the same shall constitute land or real estate, but simply provides that the term "land,"

when used in any statute shall include an estate for years.

Likewise, section 1591 of the Code of 1906, does not define the term "personal property," but simply states that, when that term is used in any statute, it shall include certain things therein enumerated. Where no statute using the term "land," or the term "personal property," is involved, the character of land, as land, and of, personal property, as personal property, remains as defined by common law.

So that, when called upon to construe a will, as in the case at bar, the character of property, whether it be real or personal, is to be determined by the common law.

Section 1575 of the Code of 1906 provides that, "The term 'bond,' when used in any statute, shall embrace every written undertaking for the payment of money, etc;" and yet the supreme court, in *McLeod* v. *State,* 69 Miss. 221, held that said sction did not undertake to define what a bond was, but only to embrace within the term certain instruments; and that what was a bond, independent of that section, was all the same a bond.

The court will observe that the language of this section as to what shall be embraced within the term "bond" is exactly the same language as used in section 1584, in reference to the term "land," and as used in section 1591, in reference to the term "personal property;" so that, if section 1575 did not undertake to define "bond", it must follow that other two sections did not undertake to define what was "land" or "personal property."

See *Lewis* v. *Glass,* 92 Tenn. 147; *Orchard* v. *Wright etc., Store Co.,* 225 Mo. 414. There is nothing in any provision of the chapter on "descent and distribution" of the Code of 1906, which changes the rule contended for by us.

COOK, P. J., delivered the opinion of the court.

Mrs. Ann S. Neblett, a resident of the state of Virginia, owned a plantation in Bolivar county, Miss., known as "Green Island Plantation." Section 16, township 20, range 8 west, formed a part of this plantation. Mrs. Neblett died in 1912. Appellants filed a bill in the chancery court alleging that they and appellees were owners in common by inheritance of the Green Island Plantation, and prayed that the land be partited. Appellees admitted in their answer that appellants were entitled to a partition of all the land described in the bill of complaint, except section 16, and denied that appellants had any interest in section 16, claiming that appellees were the exclusive owners of that section. The basis of appellee's title to section 16 rests upon these facts, viz.: Mrs. Ann S. Neblett, deceased, through whom all parties to this litigation claim, owned the unexpired lease of section 16, and the fee-simple title to the other lands composing Green Island Plantation; Mrs. Neblett made a will, devising to her brother, Norman M. Neblett, who died before the testatrix, Green Island Plantation. It was the contention of appellees that inasmuch as Mrs. Neblett was at the time she executed her will, and at the time she died, a resident of Virginia, the legacy to her son of the leasehold interest in the sixteenth section did not lapse, but passed to appellees as the children and issue of Norman M. Neblett, the legatee under the will. This contention of appellees was based upon the theory that the estate in the lease of the sixteenth section was personal property, and that the devolution of personal property is controlled by the laws of Virginia, the domicile of the testator. The trial court adopted this view of the law, and appellants appeal to this court.

Appellants take the position that the descent of the property in question is governed by our statute, section 5081, Code of 1906, which reads this way:

"Whenever any estate of any kind shall or may be devised or bequeathed by the last will and testament of any testator or testatrix to any person being a child or descendant of such testator or testatrix, and such devisee or legatee shall, during the lifetime of such testator or testatrix, die testate or intestate, leaving a child or children, or one or more descendants of a child or children, who shall survive such testator or testatrix, in that case, such devise or legacy to such person so situated as above mentioned, and dying in the lifetime of the testator or testatrix, shall not lapse, but the estate so devised or bequeathed shall vest in such child or children, descendant or descendants, of such devisee or legatee, in the same manner as if a legatee or devisee had survived the testator or testatrix, and had died unmarried and intestate."

The statute just quoted avoids the lapse of the legacy only when the legatee or devisee is "a child or descendant of the devisee or legatee," while the Virginia statute goes further and avoids a lapse in all cases. The Virginia statute is section 2523 of the Virginia Code of 1904, and provides:

"If a devisee or legatee die before the testator, leaving issue who survived the testator, such issue shall take the estate devised or bequeathed, as the devisee or legatee would have done if he had survived the testator, unless a different disposition thereof be made or required by the will."

The question we are to decide is the unexpired leasehold of the sixteenth section governed by the statutory law of Virginia, or by the statutes of our state. It is pointed out in the briefs of appellants that the laws of this state referring to the administration of estates are *sui generis*. It seems that in other states, in which list Virginia is included, when a resident dies owning

personal property in another state, the rule is to administer the personal property through an ancillary administration, and after the debts are paid, if there be any surplus in the ancillary administration, the surplus is remitted to the domiciliary administration for administration there. On the contrary, as held by this court in *Partee* v. *Kortrecht,* 54 Miss. 69, ancillary administrations have been abrogated in Mississippi by our statutes.

Again, we quote from the opinion of this court, in *Carroll* v. *McPike,* 53 Miss. 569, viz.:

"The general doctrine, as declared by Story, in Conflict of Laws, section 518, is that an administration in any other country than that of the domicile of the deceased is treated as in its nature ancillary merely to that in the country of the domicile, because 'the final distribution of his effects among his heirs or distributees is to be decided by the law of his domicile.' This reason wholly fails in its application to this state, and the doctrine built on it is entirely subverted by our statute, declaring that personal property situated in this state shall descend and be distributed according to the laws of this state, notwithstanding the domicile of deceased may have been in another state. Code, section 1950. In this state, administration of the effects here of a deceased person, no matter where his domicile was, is independent of all other administrations, and to be conducted in all respects as if the decedent had been a citizen of this state when he died. Debts are to be paid according to the assets, and any surplus is to be distributed here. All creditors, no matter where residing, or where the debts were contracted, are entitled to prove their claims here, and proceed in our courts to enforce them, and to share in the assets here. There may be inconveniences, and sometimes hardships, resulting from this doctrine; but it plainly results from our system, as established by statutes, and we cannot shrink from declaring it, whatever may be the consequence."

So we find that our statutes put Mississippi under a rule different from the rule adopted by other states. The property to be distributed in this case may be termed "tangible personalty"—and as such it is located in this state and forms a part of the "Green Island Plantation." The leasehold is a part of the soil of the state held in trust by the state for the purpose of education. This estate is assessed on the land rolls; the state may not sell the trees growing on the land without the consent of the lessee; the lessee may destroy all of the timber and dispose of same, if it be necessary to good husbandry. The property owned by Mrs. Neblett, while a chattel real, has many qualities not applicable to ordinary leaseholds. Finding a lapsed legacy according to our statute, what rule should be followed in distributing the estate of the intestate, and, particularly, the leasehold in the sixteenth section?

We have reached the conclusion that the statutes of this state control the disposition of this property, and that the chancellor erred in refusing to partite same among the heirs at law of deceased.

*Reversed and remanded.*