VIATOR *v.* MOSES.

(Division A. Oct. 9, 1939. Suggestion of Error Overruled Nov. 6, 1939.)

[191 So. 412. No. 33769.]

Albert **Sidney Johnston, Jr.,** of Biloxi, for appellant.

J. L. Taylor, of Gulfport, for appellee.

Argued orally by **Albert Sidney Johnston, Jr.**, for appellant.

**Smith, C. J.**, delivered the opinion of the court.

This is an action by the appellee for the recovery of rent. A demurrer to the declaration was overruled and the defendant declining to plead further, a judgment was rendered against him for the amount sued for.

The declaration alleges in substance that the appellant rented the property in question from the appellee, agreeing to pay therefor $45 per month for a period of one year, beginning the first day of May, 1936. The rental contract which was made an exhibit to the declaration provides: ". . . it is further agreed by and between the Lessor and Lessee that the Lessee shall have the option at the expiration of this lease, provided notice of his intention is made thirty days prior to its expiration, to renew said lease for a period of twelve months at and for the same rental and under the same terms, conditions and stipulations hereinabove mentioned, and that the Lessor will thereupon either execute and deliver a new Lease or will mark hereon his renewal for said period of twelve months."

The declaration further alleges: "That the defendant gave notice of his intention to renew said lease for a period of twelve months after the expiration of the lease, and continued to occupy said premises up until the month of December, 1937, paying the rental for the first seven months of said period. The defendant then vacated said premises without the consent of plaintiff and tendered plaintiff the sum of $45 in full settlement under said contract, which plaintiff declined to accept." The declaration does not allege that the appellant gave the notice

of his intention to renew the lease "thirty days prior to its expiration," and, therefore, the appellant says, in the absence of the execution and acceptance of a new contract, the renewal feature of the lease did not become operative and that the appellant's continuing to occupy the premises after the expiration of the lease made him a tenant only from month to month thereof.

Assuming for the purpose of the argument that there was no renewal of the lease in accordance with its terms, nevertheless, by holding over after the expiration of his lease with the consent and acquiescence of the appellee, though without any new agreement therefor, the appellant became a tenant of the appellee from year to year. 35 C. J. 1101; Usher v. Moss, 50 Miss. 208; Richardson v. Neblett et al., 122 Miss. 723, 84 So. 695, 10 A. L. R. 272.

Affirmed.