INZER, Justice.
Appellee, Mrs. Robert Montgomery, brought suit in the Circuit Court of Attala County against appellant Hugh S. Potts seeking to recover the sum of $2,889.90 for the destruction of a 1967 Oldsmobile alleged to have been caused by the negligence of an employee of appellant. The declaration states that Mrs. Montgomery brought suit for and on behalf of herself and' all the ‘heirs of law of her deceased husband, Robert E. Montgomery. The declaration then alleged that the automobile was owned by Robert Montgomery and that it was destroyed and Robert Montgomery was killed in a collision between the automobile driven by Montgomery and a gasoline truck owned by appellant and driven by his employee. It was also alleged that the collision was caused by the negligence of appellant’s servant in making a left turn in front of Robert E. Montgomery as he approached the intersection and was in such close proximity that the turn could not be made in safety.
Appellant filed a general demurrer to the declaration questioning the right of ap-pellee to maintain this action. It stated that since the automobile was the property of Robert E. Montgomery, Mrs. Montgomery had no right to bring this cause of action for the loss of the property which belonged to the estate of her deceased husband, and that the cause of action should have been brought by the administrator of his estate. This demurrer was overruled by the trial court.
Appellant then answered and denied that this employee was guilty of any negligence which caused or contributed to the loss of the automobile and affirmatively alleged that Robert Montgomery was guilty of negligence in the operation of his vehicle at an unlawful, excessive and dangerous rate of speed and that he failed to keep his vehicle under proper control. Appellant alleged that this negligence was the sole proximate cause of the accident, or in the *125 alternative that such acts of negligence were a contributing cause to the accident. A trial was had and the jury returned a verdict in favor of Mrs. Montgomery in the amount of $1,500. From this, judgment this appeal is prosecuted.
Appellant assigns as error three grounds for the reversal of this cause.The principal one and the only one in which we find any merit is the assignment of error that the trial court was in error in failing to sustain the demurrer for the reason that Mrs. Montgomery was not a proper party in interest and had no standing to sue in this cause. The declaration in this case is silent as to whether an administrator had been appointed for the estate of Robert Montgomery. Neither is there any allegation that none had been appointed and that none was necessary. Appellant argues that if he pays the judgment in this case, it would not be res judicata to a suit on the same claim by the administrator of Montgomery’s estate. Appellant points out that the automobile was not exempt property and that any monies awarded for its destruction would be applicable to his debts. Appellant further pointed out that a creditor could force an opening of an estate and the appointment of an administrator who could maintain suit against him. In such case, the administrator could subject him to liability for the same claim that the appellee is now suing for. Appellee answers this argument by pointing out that this is in reality a subrogation suit because the deceased carried a collision insurance policy, which is in the record in this case, and under the terms of this policy, upon the death of the insured, Robert Montgomery, Mrs. Montgomery, his wife, became the insured and as such she was paid for the loss under the terms of the policy. She then assigned to the insurance company any claim that she had relative to the destruction of the automobile. Appellee argues that by the terms of the policy the automobile became her property on the death of heir husband. We are unable to find any provision in the insurance policy changing the ownership of the automobile. The policy by its terms gave Mrs. Montgomery the right to collect from the insurance company for the loss of the automobile and she assigned to the insurance company any claim that she had against the appellant, but this assignment does not. give her assignee any claim in preference to the creditors of the estate of Robert Montgomery. Section 472, Mississippi Code 1942 Annotated (1956) provides as follows:
When any person shall die possessed of goods, and chattels or personal estate not bequeathed, the same shall descend to and be distributed among his or her heirs in the same manner that real estate not devised descends.
By virtue of this section Mrs. Montgomery and her son inherited all the personal property of Robert Montgomery including the claim for the loss of the automobile, but subject to the claim of any creditors of Robert Montgomery. Mrs. Montgomery and her son could have maintained a suit against appellant but it would have been necessary for them to allege that there was no administrator of this estate and that there was no necessity for the appointment of one. If this allegation was then denied, the burden would be upon them to prove the allegation. Richardson v. Neblett, 122 Miss. 723, 84 So. 695 (1920).
Since the declaration does not contain the proper allegations and the proof does not show that there is not an administrator and that none is necessary, if appellant is required to pay the judgment in this case he would still be liable to suit by an administrator for this claim. For this reason we are constrained to hold that the trial court should have sustained appellant’s demurrer for the reason that appellee had no standing to bring this suit in the manner and form in which it was brought.
*126 For the reason stated, this cause is reversed and remanded.
Reversed and remanded.
GILLESPIE, P. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.