COBB, Judge.
Baldwin entered a plea of nolo conten-dere below, reserving his right to appeal the denial of a motion to dismiss the information charging him with attempted delivery of drug paraphernalia and unlawful possession of drug paraphernalia with intent to deliver.
The main focus of Baldwin’s appeal is his contention that since the items were purchased by undercover agents, the state is unable to prosecute him, since what he claims is a necessary element of the charge — that the buyer have the intent to use the paraphernalia in an illicit manner— is missing.
Baldwin was charged under sections 893.147(1) and (2), Florida Statutes (1984), which provide as follows:
893.147 Use, possession, manufacture, delivery, or advertisement of drug paraphernalia.—
(1) USE OR POSSESSION OF DRUG PARAPHERNALIA. — It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia:
(a) To plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance in violation of this chapter; or
(b) To inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this chapter.
Any person who violates this subsection is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.-082, s. 775.083, or s. 775.084.
(2) MANUFACTURE OR DELIVERY OF DRUG PARAPHERNALIA. — It is unlawful for any person to deliver, possess with intent to deliver, or manufacture with intent to deliver drug paraphernalia, knowing, or under circumstances where one reasonably should know, that it will be used:
(a) To plant, propogate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, or conceal a controlled substance in violation of this act; or
(b) To inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this act.
Any person who violates this subsection is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
The statute does not require that a person unequivocally know that the paraphernalia will be used for an illicit purpose; rather, the state must only show that the defendant knew or reasonably should have known that the drug paraphernalia would be used for such purposes. It is important to note that the intent at issue in the statute is that of the seller/defendant, not that of the buyer. See also Fla.Std.Jury Instr. (Crim.) at 242.
*1387 Appellant relies on State v. Murphy, 674 P.2d 1220 (Utah 1983), to support his claim that the buyer’s intent is a necessary element of the crime. This reliance is misplaced. In Murphy, which is factually similar to the instant case, undercover officers purchased various items of drug paraphernalia from the defendant. The court reversed the conviction for delivering drug paraphernalia because the only evidence presented as to the buyer’s intent was that the buyer was a police officer who did not intend to use the items with controlled substances. While this holding may seem to be on point in the instant case, it is not, due to the language of the Utah statute, which, instead of providing that the seller “know,” or “reasonably should know” of the illicit uses, strictly requires that a seller have actual knowledge that a buyer will use the paraphernalia for illegal purposes. Murphy is inapplicable to the instant case, and the trial court correctly denied the motion to dismiss.
Baldwin’s other contention on appeal, that the information was vague and not descriptive of the crime charged, was not raised below and, thus, is not preserved for appeal. See Steinhorst v. State, 412 So.2d 332 (Fla.1982).
AFFIRMED.
DAUKSCH and SHARP, JJ., concur.