## SMITH v CITY OF FORT LAUDERDALE
### Case No. 89-24AC10 (County Court Case No. 88-7961MO10)
Seventeenth Judicial Circuit, Broward County

February 15, 1990

**APPEARANCES OF COUNSEL**

**John Voight, Esquire,** for appellant.
**Robert Scott Walker, Esquire,** Municipal Prosecutor, for appellee.

### ·OPINION OF THE COURT

MARK A. SPEISER, Circuit Judge.

THIS CAUSE comes before the Court on appeal of a conviction entered against Appellant, Barry Smith for various violations of the South Florida Building Code (the "Code") and Code of Ordinances of the City of Fort Lauderdale (the "Ordinances"). The Appellant was arrested in Fort Lauderdale on the premises where the violations were found and he was charged under said Code and Ordinances. A non-jury trial was conducted wherein the Appellant was found guilty of the crimes charged by virtue of his being an agent of the property owner and therefore liable pursuant to the Code and Ordinances under which he was charged. Appellant subsequently filed this appeal.

The following issues were presented on appeal by the Appellant:

1.

Whether the trial judge erred in the interpretation of agency law.

2.

Whether the South Florida Building Code and Code of Ordinances of the City of Fort Lauderdale are unconstitutionally vague and overbroad.

3.

Whether the South Florida Building Code and Code of Ordinances of the City of Fort Lauderdale are unconstitutional only as applied to Appellant.

4.

Whether the information by which Appellant was charged was insufficient and should have been dismissed by the trial court.

5.

Whether Appellant received ineffective assistance of counsel at the trial court level.

This Court has reviewed the record and the briefs and makes its determination with respect to the issues presented.

I

This Court makes the following findings with respect to the first issue presented by the Appellant.

Appellant contends that the trial judge erred in her interpretation of agency law. This case turned on whether Appellant was an agent of the property owner thereby subjecting him to liability for violations found on the property where the Appellant worked. Appellant argues that a proper analysis of agency law would have revealed that the Appellant

32

was an employee of the property owner in a master/servant relationship, rather than an agent/principal relationship. Appellant states that it was error for the trial court to "embark on an expedition through civil case law" in determining agency.

It is well settled law that the existence of an agency relationship is ordinarily a question to be determined by the trier of the fact based on the evidence presented at trial. *Orlando Executive Park, Inc. v Robbins,* 433 So.2d 491 (Fla. 1983). According to the record, the trial court determined that agency is defined as "a contractor undertaking by which a party confines (sic) to the other the management of some business to be transacted in the former's name or on his account and by which the latter assumes to do the business and render an accounting of it." The trial court went on to state that the agency relationship can be inferred and an agency is not only an employee of the principal, but that an agent represents the principal and contemplates contractual liability based on the agent's acts.

This Court is aware of no authority which forbids the use of civil law in determining the definition of agency in a criminal case, an assertion made by Appellant. The Code Section 47.58.11 holds agents liable, Section 48-47 holds the owner or operator liable, operator defined as one in charge, care, or control of the property and the Ordinances make agents liable for violations thereunder pursuant to Sections 205 and 401.

The situation in the instant case is different than the case where an unknowing principal is being charged with liability for the acts of his agent. Indeed, in that case, civil doctrine would not be applicable because in order for a person to be criminally liable, he must have the requisite criminal intent at the time the alleged crime was committed. Specific intent cannot be imputed to a person through an agent without directed participation by the principal. 22 C.J.S. § 84. We have no such circumstances in the case under review. It was found in the trial court that the Appellant knew of the condition of the property and failed to take steps to correct it.

The findings of the trial judge are presumed to be correct and will not be disturbed unless it can be shown that there is a lack of substantial evidence to support the court's determination. *Strawgate v Turner,* 339 So.2d 1112 (Fla. 1976) *See also Marsh v Marsh,* 419 So.2d 629 (Fla. 1982); *Marcoux v Marcoux,* 475 So.2d 972 (Fla. 4th DCA 1985). In the instant case, the trial judge went beyond the law and cases presented to her by counsel in order to make a thorough, fair and reasoned decision with respect to the question of the definition of

**33**

agency. Accordingly, this Court finds no reason to reverse the decision of the lower court based on its use of civil law to arrive at a threshold definition of agency and its subsequent application of the burden of proof standard in the criminal law context to determine that Appellant was beyond and to the exclusion of every reasonable doubt an agent of the owner and therefore liable for the crimes charged.

## II

The second and third issues presented by the Appellant can be jointly addressed as they are intertwined.

Case law states that the appellate court may not permit the presentation of points, grounds or objections for the first time in the appellate proceeding. *Radiation Inc. v Campbell,* 200 So.2d 192 (Fla. 4th DCA 1967). Such points, grounds and objections must be preserved in the record of the trial court, with the limited exception of jurisdictional issues and issues involving fundamental error. *Steinhorst v State,* 412 So.2d 332 (Fla. 1982). Constitutional error is not necessarily fundamental errror. *Ray v State,* 403 So.2d 956 (Fla. 1981). However, conviction for a facially invalid statute would constitute fundamental error, including an assertion based on overbreadth, and could therefore be raised for the first time on appeal. *Trushin v State,* 425 So.2d 1126 (Fla. 1982). Fundamental error is error going to the foundation of the case or to the merits of the action. *Sanford v Rubin,* 237 So.2d 124 (Fla. 1970). The error must rise to the level of a denial of due process. *Castor v State,* 365 So.2d 701 (Fla. 1978), *See also Ray,* 403 So.2d 956.

The Appellant has asserted as issue number two for the first time on appeal that the Code and Ordinances under which Appellant was charged were vague and overbroad. The issue of vagueness does not rise to the level of fundamental error and must have been raised at the trial level in order for it to be reviewed by this Court. *Baldwin v State,* 498 So.2d 1385 (Fla. 5th DCA 1985). On the other hand, the issue of overbreadth may in some cases be raised for the first time on appeal. *Trushin,* 425 So.2d 1126. The overbreadth doctrine applies when legislation is potentially applicable to innocent conduct protected by the First Amendment. *Southeast Fisheries Assn, Inc. v Dept. of Natural Resources,* 453 So.2d 1351 (Fla. 1984), *See also, Street v Florida,* 383 So.2d 900 (Fla. 1980). The instant case does not involve innocent conduct which requires First Amendment protection therefore Appellant's overbreadth challenge is not properly raised in this appeal.

As to issue three this Court finds that the constitutionality of the Codes as applied to Appellant should have been raised and preserved at the trial level. Authority for this decision comes from *Trushin,* 425

So.2d 1126, and *Alexander v State,* 450 So.2d 1212 (Fla. 4th DCA 1984) in which the courts held that the constitutional application of a statute to a particular set of facts is not to be initially considered at the appellate level, but such a challenge must first be raised before the trial court.

## III

This Court can summarily dispose of the fourth issue as the insufficiency of the information by which Appellant was charged is not properly before this Court. Fla. R. Crim. P., Rule 3.190(b) requires that a defendant shall make a motion to dismiss the indictment or information either before or upon arraignment or such an objection shall be waived. This objection should have been addressed at the trial level and cannot be reviewed by this Court as it was not preserved for appeal. *State v Taylor,* 283 So.2d 882 (Fla. 4th DCA 1973); *Peters v Florida,* 76 So.2d 147 (Fla. 1954).

## IV

The final issue to be considered by this Court is whether the Appellant received ineffective assistance of counsel at the trial level. A person convicted of a crime may make this challenge to the trial court by a Florida Rules of Criminal Procedure, Rule 3.850 Motion for Post-Conviction Relief. During oral arguments, both counsel for Appellant and counsel for Appellee alluded to the issue of Appellant's possible inability to bring a Rule 3.850 motion because Appellant is not in jail serving time on this conviction rather he was sentenced to probation, fines and community service work.

In *State v Bolyea,* 520 So.2d 562 (Fla. 1988) the court held that custody does not only mean one in jail, but encompasses a probationer as well, thereby overruling previous decisions which held a probationer was not "in custody" under Rule 3.850. This Court finds that the issue of ineffective assistance of counsel is not properly before this Court. After Appellant has exhausted his direct appeal in this Court, the issue of ineffective assistance of counsel may be addressed in a collateral proceeding for post-conviction relief under Rule 3.850 in the trial court.

## CONCLUSION

Based on the foregoing, this Court affirms the conviction as determined by the trial court.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of February, 1990.